Battle,
 
 J.
 

 It is now too well settled to be considered a debateable question, that where a contract binds a person col-laterahy, and depends upon the default of another, notice ought to bo given of that default, in order to charge the person who is secondarily liable, as in the cases of guaranties and the like;
 
 Grice
 
 v.
 
 Ricks,
 
 3 Dev. Rep. 62;
 
 Sherrod
 
 v. Woodard, 4 Dev. Rep. 360;
 
 Adcock
 
 v. Flemming, 2 Dev. and Bat. R. 225;
 
 Reynolds
 
 v. Magness, 2 Ire. Rep. 26;
 
 Lewis
 
 v. Bradley, Ibid. 308. In the case now before us, therefore, the plaintiff ought to have notified the defendant of the damage which he had sustained on the guaranty before the commencement of his suit against him. The reason why this notice is required is, manifestly, for the purpose of giving the guarantor an opportunity of paying the damage without being harrassed with the trouble and expense of a law-suit. On the question of notice, then, our opinion is in accordance with that which was expressed by his Honor in the Court below ; but upon the question of the statute of limitations, we are inclined to differ from him.
 

 We have seen, that until the plaintiff has given the defendant notice of the loss which he had sustained on his guaranty, he had no right to sue him, and it might be argued that until he gave the notice, he liad no cause of action against the defendant, and that, therefore, the statute would not begin to run until that time. It has been contended, however,, that if the plaintiff delay, for more than three years after be has been damnified, to notify the guarantor thereof, and thereupon commence his suit against him, he will be barred by the statute. However that may be, we are of opinion, that the operation of the statute was prevented from the present case by force of the act of 1848, ch. 59, (see Rev. Code,
 
 *102
 
 chap. 65, sec. 10,) which provides that “ when any person, against whom there is cause of action, shall be beyond sea, ©r a non-resident of the State, at the time such cause of action accrued, the plaintiff may bring his action against such person, after his return, within the times as are herein before limited for bringing such actions.” It is true, that this statute was passed after the plaintiff had sustained the loss on the guaranty, which was in the spring of 1848; but the cause of action was then subsisting, and had not been barred under any previous statute. As the defendant had before that time left the State, and was then a non-resident, there was nothing, either in the spirit, or letter, of the act to prevent it from applying to his case. Had the action been barred by a previous statute of limitations, then it might well have been contended' that the latter aet could not, fairly, be construed to revive the el'aim as against the defendant upon hi? return. Such a construction, we held ourselves bound to adopt upon a similar aet on the case of
 
 Phillips
 
 v. Cameron, 3 Jones’ Rep. 390. Here the circumstances are different. The cause of action had just accrued (supposing that it could accrue before notice was given,) and was still subsisting when the last act was passed, and the act, therefore, might well stay the operation of the previous statute of limitations until the defendant should return to the State. It was certainly competent for the Legislature to give the act* relating, as it did, to the remedy only, a retrospective effect; but we would not like to pint a construction upon it which would give it such an effect, unless it could be supported upon express words or a necessary implication. The present case does not require a resort to such a construction, as it is fairly embraced in the- words “against whom there
 
 is
 
 eause of action.”
 

 Though we differ from his Honor upon the point of the statute of limitations* yet, as we agree -with him upon the question of notice, the judgment of nonsuit must be affirmed.
 

 Pee CüRIAm, Judgment affirmed.